UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DOROTHY PARKER, EXECUTOR FOR ESTATE OF BENJAMIN M. PARKER,<br><br>Plaintiff,<br><br>vs.<br><br>THE BANK OF NEW YORK COMPANY, INC., et al.,<br><br>Defendants. | Case No. 1:06-cv-1352 (HHK) |

**VERIFIED ANSWER AND AFFIRMATIVE
DEFENSE OF DEFENDANT THE BANK OF NEW YORK**

Defendant The Bank of New York, sued herein as The Bank of New York Company, Inc., by counsel, answers the Complaint of Plaintiff Dorothy Parker, Executor for Estate of Benjamin M. Parker ("Plaintiff"), as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3. Denies the allegations set forth in Paragraph 3 of the Complaint, except admits that The Bank of New York, a New York bank, is the transfer agent for Vulcan Materials Company, a New Jersey corporation.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, except admits that the records of The Bank of New York reflect that Lottie Parker's account was credited with two certificates, number 7336 for 100 shares and number 5608 for 30 shares, both issued on January 15, 1958.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 15 of the Complaint, except admits that

certain shares in Vulcan Materials Company are registered in the name of Lottie Parker and are not registered in the name of Benjamin M. Parker. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 15 of the Complaint, except admits that the following shares of Vulcan Materials Company are registered in the name of Lottie Parker: 3,120 shares of common stock, which are the only shares reflected on the records of The Bank of New York registered in her name. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of Paragraph 15 of the Complaint.

16. Admits that dividends have accrued in respect of the shares registered in the name of Lottie Parker, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18. Admits the allegations set forth in Paragraph 18 of the Complaint, and avers that The Bank of New York requires that Plaintiff present stock certificates to transfer ownership of shares in Vulcan Materials Company to the Estate of Benjamin M. Parker. In the event Plaintiff cannot present stock certificates, Plaintiff must present, in addition to a court order, an affidavit of loss and a surety bond, calculated at 2% of market value of the missing securities for U.S. residents and 3% of market value of the missing securities for non-U.S. residents, in order to protect The Bank of New York against the risk of liability if a third party surfaces with possession of the stock certificates and a stock power purportedly signed by the owner.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

## AFFIRMATIVE DEFENSE

20. Plaintiff has admitted that she is not in possession of stock certificates for certain of the shares.

21. The Complaint does not allege the whereabouts of such missing certificates, or propose that tendering such certificates be a condition precedent to The Bank of New York's issuance of certificates registered in the name of Plaintiff.

22. It is possible that a third party may surface after entry of judgment herein, in possession of the certificates for which Plaintiff is unable to account, together with a signed stock power purportedly signed by Lottie Parker.

23. In accordance with The Bank of New York's policies for replacing lost certificates, Plaintiff should be required to furnish an affidavit of loss together with a surety bond in favor of The Bank of New York.

24. In addition, in respect of all replacement shares requested to be issued, the Court's order herein should require that The Bank of New York be furnished with the exact name of the transferee, the tax identification number or social security number of the transferee, and an executed form W-9.

DATED: October 31, 2006          THE BANK OF NEW YORK
                                 By Counsel


/s/
_____
Matthew A. Anzaldi (D.C. Bar No. 455515)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, DC  20037-1122
(202) 663-8000
(202) 663-8007 (facsimile)

Counsel for Defendant
The Bank of New York

- 5 -

## VERIFICATION

The undersigned hereby declares under penalty of perjury that he is a vice president of The Bank of New York; that he has read the foregoing Answer; and that the same is true and correct to the best of his knowledge:

_____
Carl Bennett

Executed on October 30, 2006

KEITH DEVAREL
Notary Public, State of New York
No. 01DE6057438
Qualified in Kings County
Commission Expires April 16, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October 2006, the foregoing "Answer and Affirmative Defense of Defendant The Bank of New York Company, Inc." was served by first class mail, postage pre-paid, on the following counsel of record:

> Arthur C. Elgin, Jr.
> David H. Cox
> Jackson & Campell, P.C.
> 1120 20th Street, N.W.
> Washington, D.C. 20036

/s/ _____
Matthew A. Anzaldi