UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DOROTHY PARKER, EXECUTOR FOR  :
ESTATE OF BENJAMIN M. PARKER  :
2700 Calvert Street, NW, #613  :
Washington, DC 20008  :
                                      Plaintiff,  :
                        v.  :       Case No.:    1:06-cv-1352 (HHK)

THE BANK OF NEW YORK COMPANY,  :
INC., a New York Corporation  :
101 Barclay Street-12 East  :
New York, NY 10007  :

    and  :

NATHAN PARKER  :
825 West End Avenue, #12-G  :
New York, NY 10025  :

    and  :

DANIEL PARKER  :
Address Unknown  :

    and  :

EVE HOFFMAN  :
Address Unknown  :

    and  :

GERTRUDE HELLMAN  :
Address Unknown  :

    and  :

ANY AND ALL OTHER UNKNOWN  :

| | |
|---|---|
| HEIRS, SUCCESSORS AND ASSIGNS OF LOTTIE PARKER AND ANY OTHER PERSON CLAIMING AN INTEREST IN OR LIEN UPON SHARES OF VULCAN MATERIALS COMPANY HELD IN THE NAME OF LOTTIE PARKER | : : : : : : : |
| Defendants | : : |

## ANSWER OF DEFENDANT NATHAN PARKER

Defendant, Nathan Parker, through undersigned counsel, submits this Answer to the Verified Complaint filed herein as to him and responds to the allegations contained in that Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Defendant responds to the various allegations contained in the numbered paragraphs of the Complaint as follows:

### PARTIES

1. Defendant admits on information and belief both the residency of Plaintiff and her appointment as Executor of the Estate of Benjamin M. Parker.

2. Admitted on information and belief based on the attachment to the Verified Complaint.

3. The allegations of this paragraph are not directed at this Defendant and therefore require no response from him.

4. Defendant admits the allegations of this paragraph.

5.  Defendant admits the allegations of this paragraph.

## JURISDICTION AND VENUE

6.  Defendant is without sufficient knowledge or information upon which to admit or deny the allegations of the Complaint as to the complete diversity of citizenship between parties but admits that the jurisdictional threshold for diversity jurisdiction is satisfied. Defendant is without sufficient knowledge or information upon which to admit or deny the allegations as to venue and therefore denies the same and demands strict proof thereof.

## FACTUAL BACKGROUND

7.  Defendant admits that Benjamin M. Parker purchased shares of stock as described but is without sufficient information or knowledge so as to be able to respond to the allegations concerning the dates on which said purchases occurred. Defendant also denies the allegations as to the fact of and the intended purpose for the form of ownership indicated on any or all of the shares of stock. Defendant further denies the allegations as to the intent of Benjamin Parker and the creation of a bailment between him and Lottie Parker.

8.  Defendant is without sufficient knowledge or information upon which to admit or deny the allegations of this paragraph and therefore denies the same and demands strict proof thereof.

9-10.  Defendant admits the allegations of these paragraphs.

11.  Defendant is without sufficient knowledge or information upon which to admit or deny the allegations of this paragraph and therefore denies the same and demands strict proof thereof.

12.  Defendant admits the allegations of this paragraph as to the date and location of the

death of Lottie Parker but is without sufficient knowledge or information upon which to admit or deny the allegations of this paragraph as to her residency at the time of death and therefore denies the same and demands strict proof thereof.

13. Admitted on information and belief, to wit: the attachment appended to the Verified Complaint.

14. Defendant is without sufficient knowledge or information upon which to admit or deny the allegations of this paragraph as to the subject shares of stock or the understanding of any and all affected parties as to the ownership of the subject stock shares.

15. Defendant is without sufficient knowledge or information upon which to admit or deny the allegations of this paragraph as to the registration of the subject shares of stock, the quantity thereof, and the registration name for the same or the person(s) presently in possession of the same.

16. Admitted on information and belief.

17. Defendant is without sufficient knowledge or information upon which to admit or deny the allegations of this paragraph as to the estate assets of Benjamin M. Parker and therefore denies the same and demands strict proof thereof.

18. Defendant is without sufficient knowledge or information upon which to admit or deny the allegations of this paragraph as to the stated intentions of the co-Defendant Bank of New York Company, Inc.

19. Defendant admits that the children of Lottie Parker are deceased and that the persons indicated in this paragraph, and possibly others, are the heirs at law of Lottie Parker.

Defendant having fully responded to the allegations of the Verified Complaint move that it

be dismissed with prejudice and costs, including attorneys' fees, awarded to him.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by limitations and/or precluded under the equitable doctrine of laches.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are precluded under the doctrine of adverse possession.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are precluded by her failure to timely assert the same in probate proceedings of the decedent through whom she presently claims inheritance. The relief sought by Plaintiff is precluded by reason of her failure to join necessary and/or indispensable parties in this action.

WHEREFORE, Defendant having fully responded to the allegations of the Verified Complaint for Declaratory Judgment prays that it be dismissed with prejudice and with costs including attorney's fees awarded to him.

Respectfully submitted,

O'CONNELL, O'CONNELL & SARSFIELD

_____ / s / _____
James B. Sarsfield, Bar No. 215384
401 East Jefferson Street, Suite 204
Rockville, MD 20850
(301) 424-2300
Attorney for Defendant Nathan Parker

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of November, 2006 a copy of the foregoing Answer of Defendant Nathan Parker was filed electronically and mailed, postage prepaid, via first class mail, addressed to:

Arthur C. Elgin, Jr., Esquire
Jackson & Campbell, PC
South Tower
1120 Twentieth Street, NW
Washington, DC 20036-3437
Attorney for Plaintiff

The Bank of New York Company, Inc.
101 Barclay Street-12 East
New York, NY 10007

_____/s /_____
James B. Sarsfield