UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOROTHY PARKER, EXECUTOR FOR ESTATE OF BENJAMIN M. PARKER, <br><br>        Plaintiff, <br><br>        v. <br><br>THE BANK OF NEW YORK COMPANY, INC., et al. <br><br>        Defendants. | Civil Action No. 1:06-CV-1352 <br><br>Next event: Discovery closes, 03/17/08 |

### MOTION OF PLAINTIFF DOROTHY PARKER FOR ENTRY OF DEFAULT AND JUDGMENT BY DEFAULT

Plaintiff Dorothy Parker ("Ms. Parker"), Executor for the Estate of Benjamin M. Parker, by her undersigned counsel and pursuant to FRCP 55(a) and (b), hereby respectfully moves this Court to enter a default and judgment by default against all defendants, named and unnamed, who were notified of the pendency of this action by publication and who have not entered an appearance. In support of this Motion, Ms. Parker states as follows:

1. Ms. Parker is the widow of the late Benjamin M. Parker ("Mr. Parker"). Ms. Parker was Mr. Parker's second wife. Ms. Parker is 92 years of age.

2. Mr. Parker died testate on April 11, 1992. Pursuant to his will, Ms. Parker was appointed Executor of the Estate of Benjamin M. Parker by the Circuit Court for Arlington County, Virginia on July 10, 1992 and subsequently was reappointed as Co-Executor on July 10, 1998 with Dena L. Lomauro. Ms. Lomauro passed away on February 18, 1999, and Ms. Parker currently serves as sole Executor of the Estate.

533130v.2

3.     On April 16, 1952, Mr. Parker purchased 100 shares of a company known as Easy Washing Machine Company. On April 30, 1954, he purchased an additional 100 shares of Easy Washing Machine Company. Mr. Parker placed the stock in the name of his mother, Lottie Parker. Mr. Parker did not intend to make a gift of the shares to his mother; rather the stock was placed in the name of Lottie Parker as a gratuitous bailment.

4.     Through a series of mergers and acquisitions, Easy Washing Machine Company eventually was acquired by Vulcan Materials Company, so that in 1958 104 shares of common stock, 20 shares of 5¾% Cumulative Preferred stock and 11 shares 6¼% Cumulative Preferred stock in Vulcan Materials Company were issued in the name of Lottie Parker, even though the stock was equitably owned by Mr. Parker.

5.     On March 22, 1962, Lottie Parker signed and delivered to her son, Mr. Parker, a blank certificate of assignment of stock ownership rights, which was witnessed by Pearl Sharpe, daughter of Lottie Parker and sole residuary beneficiary under the Will of Lottie Parker, which was kept with the shares of stock in Vulcan Materials Company.

6.     Lottie Parker died testate on September 10, 1964 in Denver, Colorado. At the time, she was a resident of Dade County, Florida.

7.     Lottie Parker's will was admitted to probate in Dade County, Florida. In the probate proceedings of Lottie Parker's estate, the shares of Vulcan Materials Company were not included in the list of her assets, for all parties understood that the stock belonged to Mr. Parker and not Lottie Parker.

533130v.2

8. Mr. Parker never re-registered the shares of stock into his name; and over the ensuing years, as a result of multiple stock splits, the number of shares registered in the name of Lottie Parker increased. Currently, there are 3,120 shares of Vulcan Materials Company (Common), having a value in excess of $200,000; 20 shares of Vulcan Materials Company (5¾% Cumulative Preferred); and 11 shares of Vulcan Materials Company (6¼% Cumulative Preferred) all registered in the name of Lottie Parker. The certificates for all of these shares are in the possession of Ms. Parker except for a certificate for 780 shares which has not been found.

9. Since the death of Lottie Parker, dividends in the approximate amount of $34,000.00 have been accumulating in the name of Lottie Parker and are being held by Defendant The Bank of New York Company, Inc.

10. The shares of stock in Vulcan Materials Company were properly included as estate assets in the probate proceedings in Arlington County, Virginia, for the Estate of Benjamin M. Parker.

11. Defendant The Bank of New York Company, Inc. has declared that it will not re-issue the shares of Vulcan Materials Company in the name of the Estate of Mr. Parker or pay the accumulated dividends to the Estate of Benjamin M. Parker without a court order declaring the shares and dividends to be the property of Benjamin M. Parker. Therefore, Ms. Parker filed a Verified Complaint for Declaratory Judgment in this Court on July 31, 2006 seeking the reissuance of the stock currently in the name of Lottie Parker in the name of Benjamin M. Parker. See Verified Complaint, filed herein.

533130v.2

12. All of the children of Lottie Parker are deceased, although she has surviving heirs. Counsel for Ms. Parker was made aware of four (4) possible heirs of Lottie Parker, who were named as Defendants in Ms. Parker's Complaint. Those four (4) heirs of Lottie Parker are Nathan Parker, Daniel Parker, Eve Hoffman, and Gertrude Hellman. Ms. Parker had a contact address for Nathan Parker only. Nathan Parker declined to provide contact information for Daniel Parker, Eve Hoffman, and Gertrude Hellman. See Affidavit of Arthur C. Elgin, Jr., attached hereto as Exhibit "A".

13. Because she did not have contact addresses for Daniel Parker, Eve Hoffman, and Gertrude Hellman, and because a diligent search of all reasonably available online resources, including, but not limited to, a professional skip-tracing system, did not yield contact addresses for Daniel Parker, Eve Hoffman, and Gertrude Hellman, Ms. Parker filed a Motion for Leave to Serve Certain Defendants by Publication on July 31, 2006. See Motion for Leave to Serve Certain Defendants by Publication, filed herein.

14. This Court granted Ms. Parker's Motion for Leave to Serve Certain Defendants by Publication on August 8, 2006. See Order, filed herein.
In compliance with 28 U.S.C. § 1655 and LCvR 83.22, The Legal Times, a newspaper of general circulation in the District of Columbia, ran an Order of Publication notifying Daniel Parker, Eve Hoffman, Gertrude Hellman, and any and all other unknown heirs, successors and assigns of Lottie Parker and any other persons who may be claiming an interest in or lien upon shares of Vulcan Materials Company held in the name of Lottie Parker of the pendency of this action once a week for six (6) consecutive weeks. All

- 5 -

Parker of the pendency of this action once a week for six (6) consecutive weeks. All defendants interested in asserting a claim to the Vulcan Materials Company stock were to enter an appearance no later than **November 28, 2006**, more than one (1) year ago. See Affidavit of Publication, attached hereto as Exhibit "B".

15. In compliance with 28 U.S.C. § 1655 and LCvR 83.22, The Daily Washington Law Reporter, a newspaper of general circulation in the District of Columbia, ran an Order of Publication notifying Daniel Parker, Eve Hoffman, Gertrude Hellman, and any and all other unknown heirs, successors and assigns of Lottie Parker and any other persons claiming an interest in or lien upon shares of Vulcan Materials Company held in the name of Lottie Parker of the pendency of this action once a week for six (6) consecutive weeks. All defendants interested in asserting a claim to the Vulcan Materials Company stock were to enter an appearance no later than **November 30, 2006**, more than one (1) year ago. See Affidavit of Publication, attached hereto as Exhibit "C".

16. Matthew A. Anzaldi, Esq. of Pillsbury Winthrop Shaw Pittman LLP entered an appearance on behalf of Defendant The Bank of New York Company, Inc. on October 4, 2006 and filed a Verified Answer and Affirmative Defense on behalf of Defendant The Bank of New York Company, Inc. on October 30, 2006. See Verified Answer and Affirmative Defense, filed herein. Tonya Gaskins Saunders, Esq. of Pillsbury Winthrop Shaw Pittman LLP entered an appearance on behalf of Defendant The Bank of New York Company, Inc. by filing a Notice of Entry of Appearance on January 19, 2007. See Notice of Entry of Appearance, filed herein.

17.     James B. Sarsfield, Esq. of O'Connell, O'Connell & Sarsfield initially entered an appearance on behalf of Defendant Nathan Parker by filing an Answer on November 13, 2006.  <u>See</u> Answer, filed herein.  Robert E. Grant, Esq. of Furey, Doolan & Abell, LLP entered a substituted appearance on behalf of Defendant Nathan Parker by filing a Notice of Entry of Appearance on January 16, 2007.  <u>See</u> Notice of Entry of Appearance, filed herein.

18.     According to 28 U.S.C. § 1655, "[i]f an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State...."

19.     The purpose of this statute (as well as its predecessor) is to "enable federal courts to acquire jurisdiction of the persons of nonresident parties whose presence might be necessary to an adjudication of local actions touching the status of property within the district...."  <u>See</u> <u>Consolidated Interstate Callahan Mining Co. v. Callahan Mining Co., et al.</u>, 228 F. 528, 530 (D. Idaho 1915).

20.     Other than Defendants The Bank of New York Company, Inc. and Nathan Parker, no one named or unnamed in the Complaint has entered an appearance in this matter.

21.     The following heirs of Lottie Parker have attempted to negotiate a resolution to this suit with Ms. Parker through Nathan Parker (an adult son of Mr. Parker from his first marriage) and his counsel, Robert Grant, Esq., indicating that the following heirs of Lottie Parker have actual notice of the pendency of this action:

Nathan Parker
Daniel Parker

533130v.2

                Eve Parker Hoffman
                Terry Parker
                Missy Parker
                Daniel N. Parker II
                Joshua Hoffman
                Rebecca Hoffman Acheson
                Judith Hoffman
                Jeremy Parker
                Michael Parker
                Cynthia Parker
                Liam Parker
                Isaac Hoffman
                Jason Benjamin Parker
                Trudy Hellman
                Diane Richter
                Fred H. Hellman
                Warren H. Hellman
                Adrienne Hellman
                Drew Hellman
                Isabel Liali Zuckerman
                Lowell Schmorrow-Zuckerman
                Isaac Richter
                Alana Hellman

22.    Even though they presumably have actual notice of the pendency of this action, and even though Ms. Parker has complied with the mandates of FRCP 4(e)(1), 28 U.S.C. § 1655, and LCvR 83.22, none of the individuals listed above, aside from Nathan Parker, has entered an appearance in this action.

23.    Because it is in the best interest of the Estate of Benjamin M. Parker and his heirs to fully and finally resolve in whose name the stock in Vulcan Materials Company should be held and complete the administration of the Estate, Plaintiff Dorothy Parker, Executor for the Estate of Benjamin M. Parker, respectfully moves this Court for an entry of default and judgment by default against all named and unnamed, known and unknown heirs of Lottie Parker who were notified of the pendency of this

533130v.2

- 8 -

action by publication and were compelled to enter an appearance no later than November 30, 2006, but have failed to do so as of the date of this filing.

        Respectfully submitted,

        JACKSON & CAMPBELL, P.C.

By: _____
        Arthur C. Elgin, Jr. (Bar #52589)
        aelgin@jaskcamp.com
        David H. Cox (Bar #250167)
        dcox@jackscamp.com
        1120 20th Street, N.W.
        Suite 300, South Tower
        Washington, D.C. 20036-3437

*Counsel for Plaintiff Dorothy Parker*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion for Entry of Default and Judgment by Default, its accompanying Memorandum of Points and Authorities, referenced Exhibits, Affidavit of David H. Cox, Affidavit of Arthur C. Elgin, Jr., and proposed form of Order was electronically filed and served on this 20th day of December, 2007, and that a copy of the above has also been mailed, postage pre-paid, to the following:

Tonya Gaskins Saunders, Esq.
Pillsbury, Winthrop, Shaw, Pittman LLP
2300 N Street, N.W.
Washington, D.C. 20037

*Counsel for Defendant The Bank of New York Company, Inc.*

Robert E. Grant, Esq.
Furey, Doolan & Abell, LLP
8401 Connecticut Avenue
Suite 1100
Chevy Chase, MD 20815

*Counsel for Defendant Nathan Parker*

_____
David H. Cox

533130v.2

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DOROTHY PARKER, EXECUTOR FOR ESTATE OF BENJAMIN M. PARKER, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 1:06-CV-1352 |
| THE BANK OF NEW YORK COMPANY, INC., ) et al. ) ) | Next event: Discovery closes, 03/17/08 |
| Defendants. ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF PLAINTIFF DOROTHY PARKER FOR ENTRY OF DEFAULT AND JUDGMENT BY DEFAULT**

In support of the foregoing Motion for Entry of Default and Judgment by Default, Plaintiff Dorothy Parker, Executor for the Estate of Benjamin M. Parker, respectfully relies upon the following:

1. FRCP 55(a) and (b);

2. FRCP 4(e)(1);

3. 28 U.S.C. § 1655;

4. LCvR 83.22;

5. The inherent equitable powers of this Court; and

6. The entire record herein.

533130v.2

- 2 -

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

By: _____
Arthur C. Elgin, Jr. (Bar #52589)
aelgin@jaskcamp.com
David H. Cox (Bar #250167)
dcox@jackscamp.com
1120 20th Street, N.W.
Suite 300, South Tower
Washington, D.C. 20036-3437

*Counsel for Plaintiff Dorothy Parker*